IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIE BAILEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-1800-N (BH) |
| | § | |
| CAROLYN W. COLVIN, | § | |
| ACTING COMMISSIONER OF THE | § | |
| SOCIAL SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge |

# ORDER

Before the Court are the Findings, Conclusions, and Recommendations of the United States Magistrate Judge (doc. 20 (FCR)) and Plaintiff's objections thereto (doc. 21 (Obj.)). After reviewing all relevant matters of record in this case, including the FCR and Plaintiff's objections, the Court finds that the Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court.

The Court reviews the pleadings, filings and records of the case, and the FCR of the Magistrate Judge *de novo*. *See* 28 U.S.C. § 636(b)(1); *Montgomery v. Astrue*, No. 3:09-CV-1194-O, 2010 WL 3583380, at *1 (N.D. Tex. Sept. 13, 2010). In addition, the scope of judicial review of an Administrative Law Judge's (ALJ) decision to deny benefits is "limited to determining whether the decision is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence." *Castillo v. Barnhart*, 325 F.3d 550, 551 (5th Cir. 2003) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir.1990)); *Montgomery*, 2010 WL 3583380, at *1.

Plaintiff contends that the ALJ erred in finding that his mental disorder did not meet the severity criteria of Listing 12.05 for intellectual disability (mental retardation) because the ALJ made "no findings whatsoever regarding Plaintiff's mental retardation and whether the evidence of record demonstrate[d] that he ... had significantly subaverage intellectual functioning and deficits in adaptive behavior prior to the age of 22." (Obj. at 2.) He claims this was legal error under *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007).

The "introductory paragraph" of Listing 12.05 requires that the claimant exhibit "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., *the evidence* demonstrates or supports onset *of the impairment* before age 22." *See* 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.05A (2012) (emphasis added). Under the Social Security Act, "mental" impairment is "an impairment that results from ... psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C.A. § 423(d)(3) (West 2004); *Gibbons v. Colvin*, No. 3:12-CV-0427-BH, 2013 WL 1293902, at *16 (N.D. Tex. Mar. 30, 2013).

Here, Plaintiff claims that his mental disorder met Listing 12.05 based on his lower IQ scores during Dr. Horton's evaluation and his testimony that he was enrolled in special education classes in high school (i.e., that he had subaverage general intellectual functioning with deficits in adaptive functioning initially manifested before age 22). (Pl. Br. (doc. 16-1) at 4–5); (Obj. at 2). Nevertheless, Plaintiff failed to demonstrate, "by medically acceptable clinical and laboratory diagnostic techniques,"[1] that his alleged mental impairment began before he turned 22. *See* 42 U.S.C.A. § 423(d)(3); 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.05. Plaintiff did not even produce his

---

[1] Plaintiff even concedes that all of "the consulting physicians ... provided evidence regarding Plaintiff's current mental status, not his past mental status." (Obj. at 2.)

high school records, contending that when he requested them from the school, he was told they were not "there any more." (R. at 32–33.) Because the ALJ was not required to consider, and much less discuss, whether Plaintiff's mental disorder met Listing 12.05, he did not err under *Audler*.

It is therefore ORDERED that the Findings, Conclusions, and Recommendation of the United States Magistrate Judge are adopted. Accordingly, *Plaintiff's Motion for Summary Judgment*, filed September 20, 2012 (doc. 16) is **DENIED,** *Defendant's Motion for Summary Judgment*, filed October 17, 2012 (doc. 17), is **GRANTED,** and the decision of the Commissioner is wholly **AFFIRMED.**

SO ORDERED on this 20th day of September 2013.

_____
DAVID GODBEY
UNITED STATES DISTRICT JUDGE